UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

NO: 24-1269

---

NATHAN REARDON,

Appellant,

v.

LOWE'S HOME CENTERS, LLC,

Appellee.

---

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MAINE

---

BRIEF OF APPELLEE, LOWE'S HOME CENTERS, LLC

---

Brian A. Suslak, BBO #006316
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone:  603-622-3400
Fax:     603-622-3466
LOWE'S HOME CENTERS, LLC

Dated:  October 18, 2024

103822657.v1

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Defendant, Lowe's Home Centers, LLC, makes the following disclosure:

1. Lowe's Companies, Inc., is the parent corporation of Lowe's Home Centers, LLC; and

2. Lowe's Companies, Inc. is a publicly held company that owns 10% or more of Lowe's Home Centers, LLC's stock.

103822657.v1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF THE ISSUES......................................................................... 1

STATEMENT OF THE CASE ............................................................................ 2

SUMMARY OF ARGUMENT ........................................................................... 5

ARGUMENT ....................................................................................................... 6

**I.**      STANDARD OF REVIEW .......................................................................... 6

**II.**     THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION AND DISMISSED PLAINTIFF'S LAWSUIT FOR REPEATED FAILURES TO RESPOND TO WRITTEN DISCOVERY ....................................................................................... 8

**III.**    THE DISTRICT COURT PROPERLY DISREGARDED PLAINTIFF'S INCARCERATION THROUGHOUT THE LAWSUIT AS A BASIS FOR PERMITTING HIS ONGOING REFUSAL TO COMPLY WITH DISCOVERY .................................................................. 9

CONCLUSION .................................................................................................. 10

ADDENDUM ..................................................................................................... 12

103822657.v1

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

**Cases**

<u>Bowler v. Maine</u>, 200 F.R.D. 164 (D. Me. 2001)......................................................8

<u>Boyington v. McDonough</u>, 2021 WL 1865221, at *1-2 (D. Me. 2021)...................7

<u>Damiani v. R.I. Hosp.</u>, 704 F.2d 12, 17 (1st Cir. 1983) ...........................................7

<u>Robson v. Hallenbeck</u>, 81 F.3d 1, 2-3 (1st Cir. 1996)...............................................7

<u>Spinney v. Gray</u>, 2018 WL 651325, at *2 (D. Me. 2018) ........................................7

<u>Squeri v. Mount Ida College</u>, 954 F.3d 56, 65 (1st Cir. 2020)................................6

<u>Vallejo v. Santini-Padilla</u>, 607 F.3d 1, 7 (1st Cir. 2010) .....................................6, 9

<u>Widi v. McNeil</u>, 2018 WL 4517444, at *1 (D. Me. 2018) ....................................7, 8

103822657.v1

## <u>STATEMENT OF THE ISSUES</u>

Whether the United States District Court, District of Maine ("District Court"), properly dismissed Plaintiff's lawsuit against Defendant, Lowe's Home Centers, LLC ("Lowe's"), due to Plaintiff's repeated failures to comply with discovery, including a Discovery Order entered by the District Court.

103822657.v1

## <u>STATEMENT OF THE CASE</u>

This is a *pro se* appeal from the District Court's decision dismissing Plaintiff's Complaint, without prejudice, after Plaintiff failed to comply with discovery, as well as a Discovery Order issued by the District Court concerning Plaintiff's failure to properly and fully respond to written discovery requests propounded by Lowe's.  (D. 33 and 34).[1]

On December 17, 2021, Plaintiff initiated this action by filing his Complaint in the District Court.  (D. 1).  In the Complaint, Plaintiff alleges that he sustained bodily injuries when a fence post that he was purchasing struck his finger when he was checking out of a Lowe's store located in Brewer, Maine.  (D. 1).  In the Complaint, Plaintiff alleged a single count of Negligence against Lowe's.  (D. 1).

On April 14, 2022, Lowe's served Plaintiff with written discovery requests in the form of interrogatories and requests for production of documents.  (D. 29, Ex. A).  Plaintiff thereafter served Lowe's with unsigned interrogatory responses sent via electronic mail, with no document production.  (D. 29, Ex. B).  In November 2022, Plaintiff was sentenced to 20 months imprisonment for charges of bank fraud in the matter of <u>U.S.A. v. Reardon</u>, Docket No. 1:21-mj-00084-JCN.  In February 2023, Lowe's filed with the District Court a Request for Hearing re:  Discovery

---

[1] Lowe's shall refer to the District Court record with the applicable PACER reference to document number.

103822657.v1

Dispute pursuant to Local Rule 26(b). (D. 17). On February 21, 2023, in light of Plaintiff's ongoing incarceration, the Court issued an Amended Scheduling Order, extending discovery through July 18, 2023. (D. 20). On May 24, 2023, following Plaintiff's release from incarceration, Lowe's re-served Plaintiff with its still unanswered interrogatories and requests for production. (D. 29, Ex. C). Plaintiff thereafter did not respond to Lowe's re-served written discovery requests. (D. 25, D. 29).

On August 14, 2023, Lowe's filed with the District Court its second Request for Hearing re: Discovery Dispute pursuant to Local Rule 26(b). (D. 25). On September 7, 2023, the District Court issued an Order on Discovery in Response to Lowe's Request for Hearing re: Discovery Dispute. (D. 26). In its Order dated September 7, 2023, the District Court noted that Plaintiff recently had been re-incarcerated in Somerset County Jail after violating the terms of his release. (D. 26). The District Court instructed Lowe's to forward its written discovery responses to Plaintiff at the Somerset County Jail. (D. 26). The District Court ordered that within 21 days of receipt of the written discovery requests, Plaintiff was to provide Lowe's with complete, signed responses to Lowe's written discovery requests. The District Court further noted that if Plaintiff failed to provide complete, signed responses in accordance with its Order, the District Court could authorize Lowe's to file a motion for sanctions. (D. 26). On September 7, 2023, Lowe's sent correspondence to

103822657.v1

Plaintiff, via certified and first-class mail, in the Somerset County Jail, including copies of Lowe's unanswered written discovery requests. (D. 29, Ex. D). On September 11, 2023, Lowe's received a signed return receipt from the Somerset County Jail, confirming receipt of Lowe's letter dated September 7, 2023. (D. 29, Ex. E). Twenty-one days thereafter passed, and Lowe's received no response from Plaintiff. (D. 29).

On October 3, 2023, Lowe's filed its third Request for Hearing re: Discovery Dispute pursuant to Local Rule 26(b), seeking permission to move for sanctions against Plaintiff. (D. 27). On October 4, 2023, the District Court issued an Order on Discovery, authorizing Lowe's to move for sanctions pursuant to Fed. R. Civ. P. 37. (D. 28). On October 6, 2023, Lowe's filed its Motion for Sanctions, requesting that the District Court dismiss Plaintiff's lawsuit with prejudice. (D. 29). On October 19, 2023, Plaintiff filed an Opposition to Lowe's Motion for Sanctions. (D. 30). On February 12, 2024, the District Court issued an Order denying in part and granting in part Lowe's Motion for Sanctions. [2] (D. 33). In its Order, the District Court denied Lowe's request to dismiss the lawsuit with prejudice, and instead dismissed the lawsuit without prejudice. (D. 33).

---

[2] Lowe's has included a copy of the Order on Defendant's Motion for Sanctions, dated February 12, 2024, in its Addendum.

103822657.v1

On March 15, 2024, Plaintiff filed his Notice of Appeal with the District Court. (D. 34).

## SUMMARY OF ARGUMENT

The District Court properly exercised its discretion and dismissed Plaintiff's lawsuit against Lowe's after Plaintiff repeatedly failed to respond to written discovery propounded by Lowe's and ignored the Discovery Order issued by the District Court concerning Plaintiff's outstanding discovery responses. Over 18 months passed from the time that Lowe's served Plaintiff with written discovery requests to when Lowe's finally moved for sanctions to dismiss Plaintiff's lawsuit with prejudice. Plaintiff's ongoing failure to participate in the discovery process severely has impeded Lowe's ability to defend itself in this litigation, and dismissal of the lawsuit was warranted.

The District Court also properly rejected Plaintiff's argument that his incarceration throughout the pendency of this litigation entitled him to a different set of rules concerning civil procedure and discovery. This is not a situation where a medical condition, hospitalization, etc. prevented Plaintiff from participating in this litigation. Rather, Plaintiff found himself incarcerated on multiple occasions over the pendency of this litigation because Plaintiff committed crimes and thereafter violated the terms of his release, resulting in the District Court revoking his bail. Both Lowe's and the District Court provided Plaintiff with considerable leeway

5

considering his ongoing legal issues unrelated to this lawsuit, but Plaintiff nevertheless repeatedly ignored the requests of Lowe's as well as Orders issued by the District Court. As the record shows, Lowe's filed multiple Rule 26 requests with the Court to attempt to resolve this dispute and get assistance from the District Court in securing Plaintiff's compliance with Lowe's written discovery requests. Unfortunately, Plaintiff elected to repeatedly disregard Lowe's requests, as well as the Orders of the Court.

## **ARGUMENT**

### I.    **STANDARD OF REVIEW**

The District Court's dismissal of Plaintiff's complaint is subject to *de novo* review. Squeri v. Mount Ida College, 954 F.3d 56, 65 (1st Cir. 2020). "District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established." Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010). This is because "dismissal is an essential tool for district courts' effective exercise of their right to establish orderly processes and manage their own affairs." Id. at 8. "Mindful that case management is a fact-specific matter within the ken of the district court," the First Circuit will reverse dismissals for failure to comply with discovery "only for a clear abuse of discretion." Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996). See also Damiani v. R.I. Hosp., 704 F.2d 12, 17 (1st Cir. 1983)

103822657.v1

("[A]ppellate panels traditionally give district courts considerable leeway in the exercise of the latter's admitted authority to punish noncompliant litigants").

"While dismissal is a harsh sanction and courts should not be too quick to resort to dismissal, . . . obedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)." Widi v. McNeil, 2018 WL 4517444, at *1 (D. Me. 2018). The District Court has, on several occasions, ordered dismissal of a lawsuit as sanctions for failure to respond to discovery. See Boyington v. McDonough, 2021 WL 1865221, at *1-2 (D. Me. 2021) (dismissing plaintiff's lawsuit for failure to respond to discovery and to otherwise prosecute case); Spinney v. Gray, 2018 WL 651325, at *2 (D. Me. 2018) ("In this case, given Plaintiff's failure to communicate with Defendants and the Court, a sanction other than dismissal, such as a monetary fine or the preclusion of particular claims or evidence, would not assist in the orderly progression of the case on the docket . . . .[P]laintiff has repeatedly demonstrated a lack of regard for the Court process and his obligations as a litigant. Plaintiff's complete failure to engage in the process warrants dismissal with prejudice"); Widi, 2018 WL 4517444, at *2 (dismissing lawsuit for failure to comply with discovery orders); Bowler v. Maine, 200 F.R.D. 164 (D. Me. 2001) ("I observe that never has the plaintiff sought a stay of this Court's Order. Instead, he has just ignored the Order of this Court and effectively stymied efforts to prepare the case for trial").

7

103822657.v1

## II.    THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION AND DISMISSED PLAINTIFF'S LAWSUIT FOR REPEATED FAILURES TO RESPOND TO WRITTEN DISCOVERY

This Court should affirm the dismissal of Plaintiff's lawsuit because the District Court properly exercised its discretion and dismissed Plaintiff's lawsuit for repeated failures to respond to written discovery.  As discussed above, Lowe's initially served Plaintiff with written discovery in April 2022.  As the record before the Court clearly reflects, Lowe's, along with the District Court, undertook extraordinary efforts to attempt to facilitate Plaintiff's compliance with the most basic and routine of written discovery requests in a personal injury lawsuit.  However, Plaintiff repeatedly ignored Lowe's written discovery requests, as well as the Orders of the District Court, which has severely undermined Lowe's ability to defend itself in this lawsuit.  Plaintiff's repeated refusal to comply with written discovery resulted in Lowe's filing three separate Rule 26 requests for a discovery conference with the District Court to discuss Plaintiff's ongoing refusal to comply with discovery.  It was only after 18 months had passed with Plaintiff refusing to respond to discovery or comply with the Orders of the District Court that Lowe's finally moved for sanctions against Plaintiff.  As noted above, Lowe's moved for the harshest of sanctions—dismissal of the lawsuit with prejudice—given Plaintiff's ongoing refusal to comply with discovery, but the District Court elected to dismiss the lawsuit without prejudice.

103822657.v1

As discussed above, the District Court's authority to manage discovery on its docket, including dismissing lawsuits for failure to comply with discovery, is "well established." Vallejo, 607 F.3d, at 7 (1st Cir. 2010). Lowe's submits that given Plaintiff's repeated refusals to comply with discovery in a lawsuit that he elected to bring against Lowe's, the District Court acted well within its discretion in finally dismissing the lawsuit, without prejudice, after nearly two years of non-compliance with discovery by Plaintiff. Accordingly, this Court should affirm the dismissal of the lawsuit entered by the District Court.

## III. THE DISTRICT COURT PROPERLY DISREGARDED PLAINTIFF'S INCARCERATION THROUGHOUT THE LAWSUIT AS A BASIS FOR PERMITTING HIS ONGOING REFUSAL TO COMPLY WITH DISCOVERY

Lowe's further submits that the District Court properly disregarded Plaintiff's incarceration throughout the lawsuit as a basis for permitting his ongoing refusal to comply with discovery. As discussed above, Plaintiff was incarcerated for a significant portion of this lawsuit after pleading guilty to bank fraud, being sentenced to incarceration and released, and then violating the terms of his release. This is not a situation where Plaintiff was incapacitated due to illness, disability, or some other factor over which he had no control. Plaintiff elected to commit crimes and was charged with the crimes and sentenced to prison as a result. Plaintiff then further delayed the process by violating the terms of his bail, which lead to his return to incarceration. Given Plaintiff's incarceration, the District Court attempted to work

103822657.v1

with Plaintiff to facilitate discovery while Plaintiff was incarcerated.  This included extending discovery deadlines on several occasions and requiring Lowe's to re-serve written discovery on Plaintiff when he was re-incarcerated following the revocation of his bail.  Despite the efforts of the District Court to facilitate discovery with Plaintiff while incarcerated, Plaintiff continued to ignore Lowe's discovery requests and comply with the District Court's Orders.  Thus, when presented with Lowe's Motion for Sanctions, the District Court properly rejected Plaintiff's argument that dismissal was unwarranted due to his incarceration throughout the pendency of this lawsuit.  Lowe's also notes that the District Court, in fact, took this into account when it dismissed the lawsuit without prejudice, as opposed to with prejudice, as requested by Lowe's.  Accordingly, this Court should affirm the dismissal of the lawsuit entered by the District Court.

## CONCLUSION

For all of the foregoing reasons, Appellee, Lowe's Home Centers, LLC, respectfully requests that this Honorable Court affirm the dismissal of Plaintiff's Complaint.

## RULE 32(g)(1) CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the number of words in this brief is less than 13,000.

103822657.v1

Respectfully submitted,

MORRISON MAHONEY LLP

Date:  October 18, 2024                    /s/ *Brian A. Suslak*

Brian A. Suslak, BBO #006316
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone:  603-622-3400
Fax:      603-622-3466

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2024, I electronically filed a copy of the Brief of Appellee, Lowe's Home Centers, LLC, with the Clerk of the United States Court of Appeals for the First Circuit via the CM/ECF system.  I certify that I have sent a copy of the Brief of Appellee to the following pro se litigant via electronic mail and regular mail:

Nathan Reardon
773 Lower Detroit Road
Plymouth, ME 04969
nathan@nathanreardon.com

Date:  October 18, 2024              By:  *Brian A. Suslak*
                                                    Brian A. Suslak

11

103822657.v1

# **<u>ADDENDUM</u>**

103822657.v1

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NATHAN REARDON,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        1:21-cv-00362-LEW
                                   )
LOWE'S COMPANIES, INC.,            )
                                   )
                                   )
            Defendant.             )

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

In December 2021, Plaintiff Nathan Reardon sued Defendant Lowe's Home Centers, LLC, for negligence in this Court.[1] *See* Compl. at 3. Since then, this case has been stuck in discovery. While Lowe's has made numerous discovery requests, Reardon, who has been incarcerated twice during this case, has repeatedly failed to respond to those requests. Reardon's latest failure to respond also violated this Court's discovery order, which attempted to facilitate discovery while Reardon was in custody. Before the Court is Lowe's Motion for Sanctions (ECF No. 29), in which Lowe's requests dismissal of Reardon's case with prejudice.

For the following reasons, Lowe's motion is GRANTED IN PART and DENIED IN PART, and Reardon's case is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

---

[1] Reardon misnamed Lowe's Home Centers, LLC, as "Lowe's Companies, Inc."

In December 2021, Reardon sued Lowe's for negligence after allegedly being injured while shopping at Lowe's two years earlier. On April 14, 2022, Lowe's emailed Reardon with interrogatories and requests for production. *See* Mot. for Sanctions, Ex. A. Reardon emailed his responses on April 19, but he did not produce the requested documents. *Id.* at Ex. B. On April 20, 2022, Reardon was arrested. After he was released from custody in May 2023, Lowe's re-served Reardon with the unanswered interrogatories and requests for production. *Id.* at Ex. C. Reardon did not respond to these interrogatories. In August 2023, Lowe's requested a hearing regarding discovery. *See* ECF No. 25. In September, Magistrate Judge Nivison noted that Reardon had recently been incarcerated, and he ordered that Lowe's forward Reardon the remaining written discovery requests to the Somerset County Jail. Order on Discovery, ECF No. 26 at 1. The order instructed Reardon to provide "complete, signed responses to the discovery requests" within "21 days of receipt of the discovery requests." *Id.* Magistrate Judge Nivison cautioned: "If Plaintiff fails to provide complete, signed responses in accordance with this order, the Court could authorize Defendant to file a motion for sanctions." *Id.*

Lowe's sent its written discovery requests to Reardon on September 7. ECF No. 27 at 1. Four days later, Lowe's received a signed return receipt from the Somerset County Jail. *Id.* With twenty-one days having passed, Reardon failed to respond, and Lowe's filed another request for a hearing regarding discovery and requested leave to file a motion for sanctions. *Id.* at 1–2. Magistrate Judge Nivison authorized Lowe's to file a motion for sanctions "based on Plaintiff's failure to respond to Defendant's discovery requests and to comply with the Court's discovery order." Order Regarding Discovery, ECF No. 28.

## DISCUSSION

Lowe's has filed a motion for sanctions, requesting dismissal with prejudice of Reardon's case based on his ongoing failure to respond to discovery requests and comply with this Court's discovery order. Reardon objects because, in his view, dismissal is unconscionable because he is incarcerated, and he requests forty-five days to file pleadings and to respond to Lowe's discovery requests.

When a party "fails to obey an order to provide or permit discovery," the court may "dismiss[ ] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); *see also Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010) ("District Courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established."). Dismissal "of a case may at times be a harsh sanction," *Vallejo*, 607 F.3d at 8, but the First Circuit has "routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs.'" *Id.* (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). "[D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Young*, 330 F.3d at 81; *see also Tower Ventures*, *Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal).").

Dismissal of Reardon's case is appropriate. This case is now over two years old, and Lowe's has repeatedly tried to obtain discovery from Reardon, who has failed to respond to these discovery requests. Mot. for Sanctions, ECF No. 29, Ex. A. Dismissal is also supported by Reardon's disregard for this Court's discovery order, which attempted

3

to facilitate discovery while he was incarcerated. *See Tower Ventures*, *Inc.* at 46. I am mindful that Reardon has been incarcerated twice during this case; however, that does not justify keeping this case in discovery for years or Reardon's failure to abide by this Court's discovery order. *See Hinkle v. Gentry*, 529 F. Supp. 2d 281, 283 (D. Mass. 2008) (dismissing the plaintiff's case when the plaintiff's discovery abuse was "severe, virtually paralyzing the progress of the case"). Reardon's failure to respond to discovery requests and comply with this Court's discovery order has resulted in trial being delayed for years and has prejudiced Lowe's ability to prepare for trial. Having concluded that dismissal is appropriate, I must decide whether Reardon's case should be dismissed with or without prejudice.

Dismissal with prejudice is an extreme sanction because it "foreclose[es] forever the plaintiff's opportunity to obtain judicial redress." *Pomales v. Celulares Telefónica*, *Inc.*, 342 F.3d 44, 48 (1st Cir. 2003); *see also Benítez-García v. González-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (noting that dismissing cases with prejudice raises "fairness concerns" given "the law's preference that cases be disposed of on the merits" and "procedural aspects such as notice and an opportunity to be heard"). Thus, the First Circuit has cautioned that "dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *United States* ex rel. *Nargol v. DePuy Orthopaedics*, *Inc.*, 69 F.4th 1, 13 (1st Cir. 2023) (quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007)). Relevant factors in deciding whether dismissal with prejudice is appropriate include: "the severity of the

violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Benítez-García*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). Courts also weigh procedural considerations, such as whether a party was warned about a sanction and given an opportunity to object. *See id.* "And where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Pomales*, 342 F.3d at 48 (citing *Velazquez-Rivera v. Sea-Land Serv.*, *Inc.*, 920 F.2d 1072, 1079 (1st Cir. 1990)).

Dismissal without prejudice is an appropriate sanction. Lowe's requested relief, dismissal with prejudice, is too severe. It is true that Reardon has stymied discovery for nearly two years and violated this Court's discovery order, resulting in numerous delays to trial. This favors dismissal with prejudice. *See id.* (explaining that "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years)'" and "disobedience of court orders"). But Reardon's *pro se* status and the fact that he has been incarcerated twice throughout this litigation, which undoubtedly has made it more difficult for him to engage in discovery, are mitigating factors. *See Oliver v. Power*, No. 1:21-CV-00225-JAW, 2021 WL 4942861, at *2 (D. Me. Oct. 21, 2021) (stating that dismissal with prejudice was inappropriate because the plaintiff was acting *pro se* and failed to comply with one court order), *report and recommendation adopted sub nom. Oliver v. Versant Power*, No. 1:21-CV-00225-JAW, 2021 WL 5371550 (D. Me. Nov. 17, 2021); *see also Marcello v. Maine*, 468 F. Supp. 2d 221, 226 (D. Me.

5

2007) (*Pro se* "litigants must nonetheless comply with the procedural rules and orders of the court."), *objections overruled*, No. CV-06-68-B-W, 2007 WL 397128 (D. Me. Feb. 1, 2007).  Dismissal without prejudice is a sufficient sanction for Reardon's conduct.

Procedural considerations also disfavor dismissal without prejudice.  While Magistrate Judge Nivison warned that Reardon's failure to "provide complete, signed responses in accordance with this order" may result in the Court authorizing "Defendant to file a motion for sanctions," Reardon was not warned that his case could be dismissed with prejudice.  *See Pomales*, 342 F.3d at 49 & n.4 (observing that a *pro se* litigant "may not have appreciated the risk inherent in delay," which heightened the fairness concerns implicated in dismissing a *pro se* litigant's case with prejudice because there were no clear warnings).

**CONCLUSION**

For the foregoing reasons, Defendant Lowe's Motion for Sanctions (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff Reardon's case is **DISMISSED WITHOUT PREJUDICE**.[2]

SO ORDERED.

Dated this 12th day of February, 2024.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[2] Thus, Reardon may file the same claim against Lowe's in the future.  Reardon should, however, be mindful of the statute of limitations.